UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   0:26cv61799

HECTOR JOSE RAGUSA and
NATALIE OSORIO MORENO,

     Plaintiffs,

v.

UNITED STATES OF AMERICA

     Defendant.

_____/

## COMPLAINT

**COMES NOW** the Plaintiffs, **HECTOR JOSE RAGUSA and NATALIE OSORIO MORENO,** by and through their attorney of record, and file this, their complaint, against the Defendant, **UNITED STATES OF AMERICA**, and in support hereof would respectfully show unto the Court the following, to-wit:

## PARTIES

1. This is a negligence action pursuant to Federal Tort Claims Act (FTCA) – 28 U.S.C. §§ 1346(b), 2671–2680 and is otherwise within the jurisdictional limits of this court.

2. At all material times, the Plaintiff, **HECTOR JOSE RAGUSA** (hereinafter the "Plaintiff") was and is a resident of Broward, Florida, and is otherwise sui juris.

3. At all material times, the Plaintiff, **NATALIE OSORIO MORENO** (hereinafter the "Plaintiff") was and is a resident of Broward County, Florida, and is otherwise sui juris

1

4. At all material times, the Defendant **UNITED STATES OF AMERICA (hereinafter the "Defendant OWNER"),** operates the USPS, an independent agency of the executive branch of the United States Federal Government who provides its services in Broward County, Florida.

5. Venue is proper in Broward County, Florida because the Defendant did business in Broward County, Florida and the alleged tortious conduct occurred in Broward County, Florida.

6. In compliance with the applicable Federal Rules of Civil Procedure, all conditions precedent to the filing of the lawsuit have been performed, occurred, waived, or are otherwise satisfied, including provision of notice under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

### GENERAL ALLEGATIONS

7. On or about May 19, 2025, Plaintiff **HECTOR JOSE RAGUSA** was operating a red 2014 Jeep Laredo bearing license plate number ABYCATA.

8. On or about May 19, 2025, Plaintiff **NATALIE OSORIO MORENO** was a passenger a red 2014 Jeep Laredo bearing license plate number ABYCATA.

9. On or about May 19, 2025, Non-Party Employee Driver was operating a white 1986 GMC USPS Truck Post (hereinafter the "USPS Mail Truck") bearing license plate 9211564.

10. At the time of the subject accident, the USPS Mail Truck was owned by Defendant Owner.

11. Upon information and belief, Non-Party Employee Driver was operating the USPS Mail Truck with the consent and permission of Defendant Owner.

12. Plaintiff **HECTOR JOSE RAGUSA** was traveling westbound on Oakland Park Boulevard on the left lane.

13. Non-Party Employee Driver was traveling westbound on Oakland Park Boulevard behind Plaintiff when Non-Party Employee Driver rear ended Plaintiff.

14. Non-Party Employee Driver failed to take the necessary precautions failing to keep distance and striking Plaintiff and causing damage to the Plaintiff's vehicle.

15. As a result, the Defendant Driver caused a collision with Plaintiff's vehicle.

### COUNT I- PLAINTIFF HECTOR JOSE RAGUSA'S ACTION FOR NEGLIGENCE AGAINST UNITED STATES OF AMERICA

Plaintiff re-adopts and re-alleges paragraphs 1-15 and states;

16. Defendant Owner at all times material herein, including but not limited to the time of the subject motor vehicle accident, was the listed owner of the vehicle driven by Defendant Driver.

17. Upon information and belief, Defendant Driver was operating the vehicle she occupied at the time of the subject motor vehicle accident with the consent and permission of Defendant Owner.

18. As owner of the vehicle driven by Defendant Driver, Defendant Owner is vicariously liable for the negligent actions of Defendant Driver as set forth in Count I above.

19. As a direct and proximate result of the above-mentioned negligence of Defendant Driver, Defendant Owner is vicariously liable for the injuries sustained by the Plaintiff, including but not limited to bodily injury, past and future bills for medical treatment, physical pain, and suffering, past and future; mental and emotional distress, past and future; and loss of enjoyment of life, past and future.

**WHEREFORE,** the Plaintiff **HECTOR JOSE RAGUSA** demands judgment for damages against the Defendant Owner for all compensatory damages, court costs, pre-judgment interest, and all other damages that this Court may deem just, proper, and equitable on all issues so triable.

3

### COUNT II- PLAINTIFF NATALIE OSORIO MORENO'S ACTION FOR NEGLIGENCE AGAINST UNITED STATES OF AMERICA

Plaintiff re-adopts and re-alleges paragraphs 1-15 and states;

20. Defendant Owner at all times material herein, including but not limited to the time of the subject motor vehicle accident, was the listed owner of the vehicle driven by Defendant Driver.

21. Upon information and belief, Defendant Driver was operating the vehicle she occupied at the time of the subject motor vehicle accident with the consent and permission of Defendant Owner.

22. As owner of the vehicle driven by Defendant Driver, Defendant Owner is vicariously liable for the negligent actions of Defendant Driver as set forth in Count II above.

23. As a direct and proximate result of the above-mentioned negligence of Defendant Driver, Defendant Owner is vicariously liable for the injuries sustained by the Plaintiff, including but not limited to bodily injury, past and future bills for medical treatment, property damage, physical pain, and suffering, past and future; mental and emotional distress, past and future; and loss of enjoyment of life, past and future.

**WHEREFORE,** the Plaintiff **NATALIE OSORIO MORENO** demands judgment for damages against the Defendant Owner for all compensatory damages, court costs, pre-judgment interest, and all other damages that this Court may deem just, proper, and equitable on all issues so triable.

*[This Space Left Intentionally Blank]*

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via the Florida Courts E-Filing Portal using the electronic notification system, which will send a notice of electronic filing to all parties of record, and further certify that the legal authorities identified (if any) exist and are accurately cited, on this 26th day of June 2026.

Respectfully submitted,

**URIARTE LAW, P.A**.
*Attorney for Plaintiff(s)*
730 NW 107th Avenue
Suite 200
Doral, Florida 33172
Telephone: (305)503-5636
Facsimile: (786) 536-6160
Service:
Stephen@uriartelegal.com
pleadings@uriartelegal.com

BY:    /s/Stephen Ostrow
STEPHEN OSTROW, ESQ.
Florida Bar No. 182338